# GEORGE HARRISON and Others v. FRANK E. NIMOCKS.[1]

October 25, 1912.

Nos. 17,994—(269).

**Order refusing to annul nomination of candidate — appeal.**

It is not decided whether an order of the trial court dismissing proceedings to annul a nomination and declare another person duly nominated, after trial, is appealable. If this court has any jurisdiction at all over such proceedings, it is not that of a trial court. The order can only be reversed when the findings are manifestly and palpably against the weight of the evidence. [Reporter.]

**Intent to deceive voters — evidence.**

Assuming that an intent to deceive the voters into the belief that a certain publication was a sheet from a certain newspaper would make the publication a violation of Laws 1912, p. 23, c. 3, the finding that there was no such intent was sustained by the evidence. [Reporter.]

1 Reported in 137 N. W. 972.

**Failure to file names of campaign committee.**

The failure of a candidate for the legislature to file the names of his campaign committee is not a violation of law, where the evidence fails to show that the committee expended money. [Reporter.]

**Violation of law by contestee.**

The question here is whether contestee violated the law and not whether his opponent did. [Reporter.]

**Proper party to proceeding.**

It was proper to make the opponent of the contestee a party to the proceedings, but the inquiry into his conduct would only be material in case it were found that contestee was guilty, and then not to palliate that guilt, but to determine that the opponent was entitled to be declared the nominee. [Reporter.]

**Illegal expenditure of money — findings sustained by evidence.**

The contestee was charged with expenditures of money exceeding the limit placed by Laws 1912, c. 3. *Held*, the evidence did not require setting aside the findings of the trial court. [Reporter.]

The amended petition of George Harrison and 33 other contestants, qualified voters residing in the Fortieth legislative district, to the district court for Hennepin county, alleged that on August 26, 1912, Charles S. Cairns duly filed his affidavit and paid the legal fee as a candidate for nomination of the Republican party in class No. 2 at the ensuing primary election for representative from that district; that his name was placed upon the official ballot of the Republican party at the primary election and he received upwards of 1,100 votes at that election; that Frank E. Nimocks was also a candidate for that office in that class; that his name appeared upon the official ballot at the primary election as such candidate; that these two were the only persons who were voted for as such candidates for such nomination; that by the report of the county canvassing board it appeared that said contestee Nimocks received 31 more votes at said primary election than said Cairns and was nominated as such candidate; that unless the nomination were annulled by the court and it were determined contestee was not nominated, the name of said Nimocks would appear upon the official ballot at the ensuing general election; that said Nimocks was not in fact legally nominated, because he was guilty of deliberate, serious and material violation of chapter 3, p. 23, Laws 1912, and other provisions of law relating to nominations for office, to wit: That said Nimocks disbursed and obligations to make disbursements in his behalf were expressly and impliedly incurred in a sum of more than $400, and not less than $2,000, with his full knowledge and consent; that he and others incurred obligations with his knowledge and consent in a sum exceeding $500 for purposes forbidden by law in the employment of persons to work for and support his candidacy; that contestee appointed a personal campaign committee, naming them, which acted for contestee and disbursed large-

sums of money in his behalf received from other persons; that contestee did not file with the county auditor the names of his committee or their addresses; that the secretary of that committee filed a statement of certain disbursements made by the committee, but did not set forth any sum received by the committee or the date of the receipt of any sum, neither did the secretary set forth all of the disbursements incurred by it on behalf of contestee; that contestee and others published, issued and circulated certain specified literature and publications intended by contestee to influence the voters at the primary election to vote against said Cairns and to vote for said Nimocks, which publications failed to bear on the face thereof the name and address of the author of the same or the address of the contestee in whose behalf they were issued. The petition prayed, upon the grounds stated, that the right of said Nimocks to the Republican nomination be annulled and said Cairns pronounced duly nominated as the candidate at said election, and to that end prayed that contestee be ordered to appear and show cause why such relief should not be granted.

An order to show cause was issued, and in his answer the contestee alleged that his total expenses in connection with his candidacy for nomination were less than $400, and alleged that if any person or persons prior to September 17, 1912, disbursed or became liable to make disbursements in behalf of contestee, the same was done absolutely without his knowledge, consent, sanction or connivance; admitted the publication, issue and circulation of the statements and pamphlet and copy of the sheet set out in the petition, and alleged that the same were in all respects practically true. The answer charged that said Cairns was guilty of deliberate, serious and material violation of Laws 1912, c. 3, in that between the time of filing as candidate and the primary election he caused to be circulated a certain article which did not contain the name and address of its author, tending to influence the voters to vote against said Nimocks and for said Cairns, which was so worded as to give the impression that said Nimocks and one Fred A. Briggs had been guilty of a crime, for which said Briggs was convicted in the fall of the year 1911, whereas said Cairns knew or had the means of knowing said Nimocks was not in any way connected with the commission of the crime for which said Briggs was convicted; that said Cairns caused to be printed and circulated a report of a certain lunch club which report, in its statements concerning the contestee, was in all material respects false; that the name and address of said Cairns was not attached to the printed article; that said Cairns received from officers of certain corporations of the state sundry sums of money, enumerating ten persons, the corporation with which each was connected, and the amount contributed by each, and three other persons, and the corporation with which each was connected, who had promised to contribute money.

By order of the court of its own motion Charles S. Cairns was made a party, and in his reply denied each and every allegation of the contestee's answer.

The matter was heard before Dickinson and Booth, JJ., who announced their

findings orally. They found, among other matters, that the individuals selected by the contestee to serve as a personal campaign committee never met as such, never organized or did anything in furtherance of his candidacy, never received or disbursed any funds or incurred any obligations to do so, and that the contestee abandoned the committee idea in the conduct of his campaign; that the contestee Nimocks did not personally expend nor authorize to be expended in his behalf an amount in excess of the amount allowed by law, and that any sum or sums in excess of $400 expended on his behalf was so expended without his authority, knowledge, consent, sanction or connivance, and that said Nimocks had not been guilty of any deliberate, serious or material violation of Laws 1912, c. 3, nor of any other provision of the law relating to nominations, and that any failure of the contestee to comply with the law in all respects was trivial, unimportant and limited in character, and did not arise from want of good faith, and that under the circumstances it would be unjust that he should forfeit or be deprived of his nomination, and the order to show cause was discharged and the proceedings dismissed.

The contestee having demanded that the court make a more specific finding in regard to improper conduct on the part of said Cairns, the court found that knowingly and in deliberate violation of section 7 of chapter 3, Laws 1912, said Cairns made, published and circulated in printed form certain false statements of material character in relation to the contestee, which statements tended to affect said voting at the primary election and were so intended by the contestant Cairns, enumerating eight instances which the court found were knowingly caused to be published and circulated by contestant for the purpose of affecting the voting. The court also found that a certain reprint of a newspaper article, of which contestant was joint author with another, was unqualifiedly misleading and violative of the spirit of the law. From the order dismissing the proceedings, contestants appealed. Affirmed.

*Belden & Safford* and *Charles S. Cairns,* for contestants.

*Henry E. Barnes,* for contestee.


PER CURIAM.

Appeal of contestants from an order of the district court of Hennepin county, dismissing the proceedings and declaring the contestee duly nominated as the Republican candidate for the office of representative from the Fortieth legislative district.

Charles S. Cairns and Frank E. Nimocks were rival candidates for the office at the primary election, where Nimocks received a majority of the votes, and was declared the nominee. The contestants, residents of the legislative district, petitioned the district court for its judgment annulling the nomination of Nimocks and pronouncing that Cairns had been nominated, alleging violations of the Corrupt Practices Act (Laws 1912, p. 23, c. 3). Contestee answered, and the case

was heard upon oral evidence. The trial court made findings of fact in favor of the contestee as to each of the alleged violations.

Conceding, but not deciding, that the order is appealable, we have reached the conclusion that the findings of the trial court should not be disturbed. If this court has any jurisdiction at all over this proceeding, it is not that of a trial court. It is for us to reverse the order appealed from only when satisfied that the findings are manifestly and palpably against the weight of the evidence. Whether the publication of Exhibit C was intended to deceive the voters into the belief that it was a sheet from the Minneapolis Journal was a question of fact, and we think, assuming that such an intent to deceive would make the publication a violation of chapter 3, that the finding that there was no such intent is sustained by the evidence.

Neither can we hold that Nimocks' failure to file the names of his campaign committee was a violation of law, as the evidence does not show an expenditure of funds by such committee.

As to the charge that the contestee exceeded the limit in his expenditures, the evidence is not such as to warrant us in setting aside the finding that the publication of the advertisements in the News and Journal was without the authority, consent, or knowledge of contestee.

As indicated on the argument, we are of the opinion that the question here is solely whether contestee violated the law, and not whether his opponent did. We interpret the findings as deciding that contestee was innocent, not that he was guilty, and his offense excused because his adversary was also guilty. It was proper to make Cairns a party to the proceeding; but the inquiry into his conduct would only be material in case it were found that contestee was guilty, and then not to palliate that guilt, but to determine whether Cairns was entitle to be declared the nominee.

We hold that the findings are on all points sustained by the evidence, within the rule which governs us in reviewing a decision of the trial court on questions of fact.

Order affirmed.